UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| JAMES B. RADCLIFF | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:02-cv-237 |
| | ) | (3:00-cr-147) |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner James B. Radcliff ("Radcliff"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I.      Standard of Review

This court must vacate and set aside Radcliff's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255.  To prevail under § 2255, Radcliff "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."  *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required.  If the motion to vacate, the answer and the records of the case show conclusively that Radcliff is not entitled to relief under § 2255, there is no need for an evidentiary hearing.  *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.    Factual Background

Radcliff pleaded guilty to receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and was sentenced to a term of imprisonment of 41 months.  In support of his § 2255 motion, Radcliff alleges that 18 U.S.C. § 2252A has been held unconstitutional by the U.S. Supreme Court.  The government disagrees.

III.   Discussion

In *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), the Supreme Court found overbroad and thus unconstitutional 18 U.S.C. §§ 2256(8)(B) & 2256(8)(D), two provisions of the Child Pornography Prevention Act of 1996 (CPPA).  These provisions expanded the definition of child pornography to include computer generated images of minors engaged is sexually explicit conduct, so-called "virtual" child pornography.

Radcliff pleaded guilty to a violation of 18 U.S.C. § 2252A(a)(2), which prohibits any person from knowingly receiving or distributing child pornography, or material that contains child pornography, that has been mailed or shipped or transported in interstate commerce. In the Stipulation of Fact, Radcliff admitted ordering and receiving two videotapes of minors having sex with adults.   [Criminal Action No. 3:00-cr-147, Court File No. 14, Plea Agreement, Exhibit One, pp. 1-3 ].  There was no mention of computer generated images of minors; the videotapes involved actual minors.

Radcliff seems to argue that *Ashcroft v. Free Speech Coalition* rendered unconstitutional the entire CPPA. That is not the case, however. The Supreme Court's decision was limited to the two provisions cited above that expanded the definition of child pornography to "virtual" child pornography. Thus, Radcliff's conviction remains constitutional. *See, e.g., United States v. Kelly*, 314 F.3d 908, 90 (7th Cir. 2003) ("*Free Speech Coalition* strikes down only the statute's expanded definition of child pornography to encompass virtual material. The Supreme Court of the United States did not disturb longstanding precedent sanctioning Congress' ban on traditional child pornography.").

IV. <u>Conclusion</u>

Radcliff is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan  
United States District Judge